JUDGE HARDIN
delivered the opinion of the court.
The appellee, as the assignee in bankruptcy of Robert P. Pepper, brought tbis action against tbe appellant on his promissory note to Pepper for three thousand five hundred dollars, *165 and obtained a judgment by default. But on tbe same day on which the judgment was rendered the defendant’s counsel presented and offered to file an answer, and for that purpose moved the court to set aside the judgment; and the* .Court having overruled the motion, thus excluding the defense offered, the defendant has appealed to this court.
The answer presented admitted the execution of the note, and that it remained unpaid, but suggested that J. B. Temple, who had also become a bankrupt, had been a joint owner of the debt with Pepper, and that under some contract with Pepper and Temple the Farmers Bank and Bank of Kentucky were claiming the debt. And to determine whether the plaintiff or the assignee of Temple or the banks were entitled to recover the debt, the answer sought to have them made parties by the plaintiff, and it was made a cross-petition against the banks that they might be required to assert or prove their claims. But the answer failed to allege that the claims suggested were not preferred in collusion with the defendant, or that he was ready to pay or dispose of the amount of the debt as the court might direct.
Testing the correctness of the action of the court solely by the sufficiency of the answer, either as a bill of interpleader under the former system of practice, or as a substitute for the affidavit, required by section 42 of the Civil Code, or a defense to the action, we are of the opinion that the court properly refused to set the judgment aside. It is laid down in Story’s Equity Jurisprudence, section 809, that “in every case of a bill of interpleader the court, in order to prevent its being-made the instrument of delay or of collusion with one of the parties, requires that an affidavit of the plaintiff should be made that there is no collusion between him and any of the other parties; and also, if it is a case of money due by him, that he should bring the money into court, or at least should offer to do so by the bill.” And in the same chapter, section *166 821, it is further said: “It is essential also in every bill of interpleader that the plaintiff should show that each of the defendants claims a right, and such a right as they may inter-plead for, for otherwise both of the defendants may demur; the one because the bill shows no claim of right against him, and the other because the bill, showing no claim of right in the co-defendant, shows no cause of interpleader.”
Regarding as we do the affidavit required by section 42-of the Code of Practice as designed to take the place of the more formal pleading which was previously necessary, such an affidavit would not have been sufficient in this case without stating that the debt was claimed by the third parties named without collusion with the defendant, and that he was ready to pay or dispose of the money as the court might direct. The answer was not therefore sufficient in any aspect to require the court to bring the third parties before it for the purpose of litigating their rights. Nor did it in any manner sufficiently appear that the controversy between the parties before the court could not be determined without bringing in the other parties suggested in the answer.
Wherefore the judgment is affirmed.