# MARCH, 1941.

ANNA MEREDITH, PLAINTIFF, RESPONDENT, v. CHARLES A. MEREDITH, DEFENDANT, APPELLANT; MISSISSIPPI VALLEY TRUST COMPANY, A CORPORATION, DEFENDANT, AND MERCANTILE-COMMERCE BANK & TRUST COMPANY, A CORPORATION, DEFENDANT, RESPONDENT.— 148 S. W. (2d) 611.

St. Louis Court of Appeals. Opinion filed March 4, 1941.

Appellant's Motion to Modify Opinion Overruled March 21, 1941.

Opinion Modified by Court of Its Own Motion.

Motion of Respondent Mercantile-Commerce Bank & Trust Co. for Rehearing Overruled.

*Thompson, Mitchell, Thompson & Young* and *William R. Bascom* for respondent Mercantile-Commerce Bank & Trust Company.

E. McD. Stevens and S. Mayner Wallace for appellant, Charles A. Meredith.

ANDERSON, J.—This is an appeal by Charles A. Meredith, one of the defendants below, from a judgment of the trial court dismissing plaintiff's petition, sustaining the cross-bill of the defendant Mercantile-Commerce Bank & Trust Company, and finding that appellant Charles A. Meredith was entitled to the possession and ownership of certain securities interpleaded by said cross-bill. The case is here for review upon the record proper.

The suit was originally filed on December 13, 1938, by respondent Anna Meredith against appellant Charles A. Meredith, respondent Mercantile-Commerce Bank & Trust Company, and Mississippi Valley Trust Company. To this petition defendant Mercantile-Commerce Bank & Trust Company filed its answer and cross-bill on January 6, 1939. Thereafter said petition and an amended petition were adjudged insufficient upon demurrers of defendants, Charles A. Meredith and Mississippi Valley Trust Company, and on May 11, 1939, plaintiff filed her second amended petition, which is the petition upon which the case was tried.

The said petition alleged that prior to December 24, 1936, defendant Charles A. Meredith proposed marriage to plaintiff and requested that they enter into an antenuptial agreement; that he stated he was morally bound to preserve and bequeath to his son, Russell Meredith, the sum of $5,000, and further falsely and fraudulently stated that he owned no real and personal property except certain real estate described in said petition, subject to a $6000 deed of trust; bonds of the United Railways Company of the par value of $6000; and a $5000 first mortgage bond of the Exchange Building; also a bungalow at 5318 Potomac Street, subject to a $3000 mortgage; a small farm in St. Charles County; interest in some land in Woburn, Massachusetts; and an income of $400 per month earned as medical examiner for the Metropolitan Life Insurance Company, and income and earnings from the operation of a hennery in St. Louis County.

It was then alleged that in reliance upon said representations plaintiff executed a marriage contract, partly in writing and in part oral, in which it was provided that defendant Charles A. Meredith renounced any right to plaintiff's property, and agreed to convey the real estate described in the petition to himself and plaintiff as tenants by the entirety; that it was further provided that plaintiff and said defendant would then execute a warranty deed to said property in favor of plaintiff's children, to be held in escrow until the death of both plaintiff and defendant, and then to be delivered to said children; that plaintiff and defendant would open a joint bank account and deposit therein all the income and earnings of each, to become the property of the survivor upon the death of either, and that defendant was to convert into cash so much of the personal property described in said petition as should be necessary to discharge the encumbrance on the real estate described in the petition and to hold the personal property in trust for that purpose.

The petition then alleged that in consideration of the said contract plaintiff and defendant were married December 24, 1936; that defendant conveyed said real estate as provided in said contract, and that they both executed the warranty deed to plaintiff's children, and placed same in escrow as provided by the contract, but that said defendant failed and refused to open a joint bank account as agreed until July, 1937, and failed and refused to convert said personal property into cash and to discharge the mortgage on the real estate.

It was further alleged that prior to said proposal of marriage defendant owned, in addition to the property theretofore described, certain stocks, bonds, and other personal property set out in said petition, of the fair market value of $20,000, which he had secreted in safe deposit boxes at the defendant Mercantile-Commerce Bank & Trust Company and Mississippi Valley Trust Company for the purpose of deceiving and defrauding plaintiff. That in addition, at said times, defendant owned bonds of the Investors Telephone Company

of the par value of $3000, thirty shares of the common stock of said telephone company, and Hearst bonds of the value of $4208.06, all of which he had converted into cash since said marriage.

It was then alleged that after her marriage plaintiff discovered the fraud practiced upon her, and demanded that the antenuptial contract be cancelled, to which said defendant agreed, and same was cancelled on August 15, 1938, and thereafter on said date said parties agreed that the real estate in St. Louis County should be held by them jointly until the death of the survivor, whereupon said property should become the property of plaintiff's children, and defendant again agreed to convert so much of his personal property into cash as should be necessary to pay off said deed of trust on said property. It was further averred that it was agreed that her husband should have full rights in all the rest and remainder of his property as would have become hers by operation of law in the absence of any antenuptial contract.

It was then alleged that said defendant failed and refused to convert into cash so much of the personal property owned by him as should be necessary to pay off the indebtedness on said property, and wrongfully permitted the mortgage on said property to be foreclosed.

It was then alleged that defendant notified plaintiff he intended to leave her, and did not intend to discharge the contracts or agreements made between them; that he intended to take up his residence in Florida and remove all of his property from the State of Missouri and beyond the reach of any order, judgment, or decree that plaintiff might obtain against him.

It was then alleged that on December 8, 1938, defendant deserted plaintiff, and was temporarily sojourning in the City of St. Louis, Missouri, preparatory to abandoning his residence in St. Louis County and establishing a new residence in the State of Florida.

The petition further alleged that said real estate was bought in at foreclosure sale by her agent, who holds the same in trust for her, her husband, and her children, and that said agent is willing to convey said property to said beneficiaries in consideration of re-imbursement to him of the amount expended by him in purchasing said property, and a reasonable commission for his services as such agent.

It was then alleged that all of the personal property belonging to the said defendant, Charles A. Meredith, and then in the safe deposit boxes of the other two defendants, was held by her said husband as trustee, for the purpose of converting same or so much thereof as necessary to discharge all liens against said real estate and to quiet title thereto in plaintiff, said defendant, and her children, in accordance with the terms of said post-nuptial contract, and that plaintiff and her children were entitled to a lien thereon to that extent; that since defendant Meredith had threatened to remove all his property from the State, and intended to do so upon securing possession of said

property, so that any judgment at law or in equity which plaintiff might obtain against him would be uncollectible and unenforcible, and since said defendant had threatened and intended to dispose of his property for the purpose of defrauding plaintiff of her rights therein as his wife, and under the terms and provisions of his contracts and agreements with plaintiff, that plaintiff had no adequate remedy at law, and unless adequate, equitable relief were given her, she would suffer irreparable injury.

The prayer of the petition was, (1) that defendant Charles A. Meredith be ordered to specifically perform the post-nuptial contract; (2) that said defendant be declared a trustee of the personal property described in the petition for the purpose of converting same or so much thereof as necessary, into cash, and vesting title in the real estate described in the petition in plaintiff, the said defendant Meredith, and plaintiff's children; (3) that defendant Meredith account to plaintiff for all earnings received by him from the date of their marriage to the date of the post-nuptial contract, and that upon an accounting, said earnings be decreed to be joint property with the right of survivorship of plaintiff and defendant Charles A. Meredith; (4) that defendant Charles A. Meredith be permanently enjoined from removing said property from the State of Missouri, and that same or so much thereof as might be necessary to protect the rights of plaintiff as his wife be sequestered within the jurisdiction and reach of the process of the court; (5) that pending the determination of this suit, all of said property and assets be impounded and held, subject to the trust and lien of plaintiff as alleged in said petition. There was also a prayer for general relief.

To the foregoing petition the defendant Charles A. Meredith and Mississippi Valley Trust Company filed general demurrers. On May 16, 1939, defendant Mercantile-Commerce Bank & Trust Company filed its answer and cross-bill, the terms of same being identical with the answer and cross-bill theretofore filed to the original petition. Since the sufficiency of this answer and cross-bill, as stating a cause for interpleader is necessarily in issue here, we set the same out in full. It is as follows:

### "ANSWER AND CROSS-BILL OF DEFENDANT MERCANTILE-COMMERCE BANK AND TRUST COMPANY TO PLAINTIFF'S AMENDED PETITION.

"Now comes this defendant and for answer to plaintiff's amended petition denies each and every allegation therein contained.

"Further answering, this defendant states that at the time of the service of the petition herein the defendant Charles A. Meredith, had standing to his credit a commercial banking account with, and was the renter, subject to the terms of a certain agreement dated January 16, 1912, as amended, of a certain safe deposit box from this

defendant; that access to said deposit box is secured by the joint use of a key in the possession of this defendant and a key heretofore delivered by this defendant to the defendant Charles A. Meredith, which this defendant is informed and believes is now in the possession of said Charles A. Meredith.

"Further answering, and in support of its cross-bill, this defendant states that after the service of the petition herein, to-wit: on or about December 17, 1938, it advised the plaintiff and the defendant Charles A. Meredith, by letters in writing directed to their respective attorneys, that the commercial banking account maintained by the defendant Charles A. Meredith with this defendant would be impounded and restrained until December 31, 1938, but that thereafter withdrawals therefrom would be permitted in regular course unless prior to that date the plaintiff furnished this defendant with a sufficient surety bond to save it harmless from claims arising by reason of the continuance of such impounding and restraint or procured the issuance from a court of competent jurisdiction of a restraining order, preliminary injunction or other process directing this defendant to continue such impounding and restraint; that this defendant so notified the plaintiff and the defendant Charles A. Meredith that it would refuse to participate with the defendant Charles A. Meredith in securing access to that certain safe deposit box rented from it by the said defendant Charles A. Meredith pending determination of the rights of the parties herein or the issuance by this court of an order directing the manner in which this defendant should proceed in this regard; that this defendant was not furnished with such a surety bond, nor was the issuance of such process procured prior to December 31, 1938, and that on said date, or thereafter the entire balance of the commercial banking account maintained by the defendant Charles A. Meredith was withdrawn in regular course; that at the date of the filing hereof this defendant has no account standing to the credit of the said defendant Charles A. Meredith and that it is continuing to refuse to participate with the defendant Charles A. Meredith in securing access to that certain safe deposit box hereinabove referred to pending determination of the rights of the parties herein or the issuance of an order of this court directing the manner it should proceed in this regard; that this defendant is ready and willing to participate with the defendant Charles A. Meredith in securing access to said safe deposit box hereinabove referred to for the purpose of effecting delivery of the contents therein contained to the person lawfully entitled thereto, but this defendant is unable to determine whether said defendant Charles A. Meredith or the plaintiff herein is entitled to the same; that these acts were not performed, nor is this answer and cross-bill filed in collusion with any of the parties hereto, but in good faith for the sole purpose of being

released and relieved from the danger of being held liable for the same accounts, property, or the value thereof, to different parties, and for such other relief as is hereinafter demanded.

"Further, this defendant states that heretofore, to-wit: on December 30, 1938, the defendant Charles A. Meredith commenced an action in the Circuit Court of the City of St. Louis, returnable to its February, 1939, Term, now being numbered 29784-C, and assigned to Division 1 of said court, against this defendant for conversion of personal property alleged to be situated in that certain safe deposit box rented to the defendant Charles A. Meredith, as hereinabove set forth; that the conversion therein alleged is claimed by reason of this defendant's refusal to participate with the defendant Charles A. Meredith in securing access to said safe deposit box as hereinabove set forth; that this defendant believes it will be subject to other suits, claims, demands and vexations by the parties hereto arising out of and relating to its actions in the premises hereinabove set forth for which there is no adequate remedy at law.

"Wherefore, This defendant now comes and prays that the defendant Charles A. Meredith be ordered and directed to deliver to this defendant his key to the safe deposit box hereinabove referred to, and that thereafter this defendant be allowed to deliver the contents in said safe deposit box contained into court, which this defendant hereby offers to do; that upon delivery of said contents into court, this defendant be relieved and discharged from any and all liability to the plaintiff herein and the defendant Charles A. Meredith, their respective executors, administrators, heirs, successors and assigns, on account of said contents; that the court make such other order in regard to the contents of said safe deposit box as will be expeditious, just and proper; that the plaintiff herein and/or the defendant Charles A. Meredith be ordered to show cause why a temporary injunction should not be granted restraining said persons, their attorneys, servants, agents, executors, administrators, heirs, and assigns, from instituting any proceeding, from continuing the prosecution of proceedings already commenced, including cause numbered 29784-C returnable to this court in its February, 1939, Term, hereinabove referred to, and from making any claim or demands against this defendant arising out of or relating to the actions of this defendant as hereinabove set forth in respect to the safe deposit box or the commercial banking account to which reference has herein been made; that the plaintiff herein and the defendant Charles A. Meredith, their respective attorneys, servants, agents, executors, administrators, heirs and assigns, be permanently and forever enjoined from instituting any proceeding, from continuing the prosecution of proceedings already commenced, including cause numbered 29784-C returnable to this court in its February, 1939, Term, hereinabove referred to, and from making any claims or demands against this defendant arising out of or relating to the actions of this defendant as hereinabove set forth

in respect to the safe deposit box or the commercial banking account to which reference has herein been made; that the plaintiff herein and the defendant Charles A. Meredith, their respective attorneys, servants, agents, executors, administrators, heirs and assigns, be directed to dismiss at their cost respectively all proceedings hereafter instituted and/or now pending, including cause numbered 29784-C returnable to this court in its February, 1939, Term, hereinabove referred to, arising out of or relating to the actions of this defendant as hereinabove set forth in respect to the safe deposit box or the commercial banking account to which reference has herein been made; that this defendant be allowed a reasonable amount for its attorneys' fees and expenses in this suit; that this defendant be permitted such other and further relief in the premises as this court shall deem just and proper and to which it is entitled.''

The defendant, Charles A. Meredith, thereafter filed a general demurrer to the foregoing cross-bill of defendant, Mercantile-Commerce Bank & Trust Company, and on May 19, 1939, said demurrer was overruled. On the same day, after a hearing, the trial court issued a temporary injunction on behalf of defendant Mercantile-Commerce Bank & Trust Company, in which defendant Charles A. Meredith was enjoined from instituting any proceeding, from continuing the prosecution of proceedings already commenced, including cause #29,784-C, returnable to said court, to its February, 1939, term, and from making any claims or demands against defendant Mercantile-Commerce Bank & Trust Company, arising out of or relating to the actions of the defendant Mercantile-Commerce Bank & Trust Company, as set forth in its said answer and cross-bill, in respect to the safe deposit box to which reference therein had been made, until the further order of the court. On May 22, 1939, the demurrer of the Mississippi Valley Trust Company to the plaintiff's second amended petition was overruled. On May 24, 1939, the defendant, Charles A. Meredith, filed his answer to plaintiff's second amended petition, which answer consisted of a general denial. A like answer was filed on said day by said defendant to said cross-bill of defendant Mercantile-Commerce Bank & Trust Company, and on said date defendant Mississippi Valley Trust Company filed its general denial to plaintiff's second amended petition, and on the same day defendant Charles A. Meredith filed his motion to dissolve the temporary injunction, alleging that said cross-bill was insufficient in point of law to sustain said injunction; that his demurrer to the cross-bill should have been sustained; that upon the sustaining of his demurrer to plaintiff's original petition there remained no legal basis for said cross-bill; that the court should have sustained his demurrer to the second amended petition; and that under all the evidence before the court, the injunction was improper and unauthorized.

Thereafter on October 24, 1939, the said cause came on for trial, and on December 8, 1939, the court entered the following judgment.

*"First Part.*

"Now on this 8th day of December, 1939, this cause having previously been tried before the Court upon the answer and cross-bill of the defendant Mercantile-Commerce Bank and Trust Company to plaintiff's amended petition, the pleadings of the parties herein thereto and the evidence and proof taken therein, and having been submitted by the parties on said pleadings, evidence and proof adduced, and this cause having been by the Court taken under advisement, and now at this day the Court, being fully advised of and concerning the premises, doth find that the said defendant Mercantile-Commerce Bank and Trust Company is entitled to deliver the contents in the safe deposit box rented from it by defendant Charles A. Meredith, being Box No. 17808, into the Registry of this Court.''

Wherefore, It is ordered, adjudged and decreed by the court as follows:

"1. That the defendant Mercantile-Commerce Bank and Trust Company secure and obtain from its safe deposit vaults said safe deposit box rented from it by defendant Charles A. Meredith, being Box No. 17808, and by use of the key thereto, formerly held by said Charles A. Meredith and now held by said Mercantile-Commerce Bank and Trust Company, deliver the contents thereof into the Registry of this Court.

"2. That the custodian of said Registry inventory all and sundry of said contents in said safe deposit box contained and hold the same in safekeeping subject to the further order and direction of this Court.

"3. That the temporary injunction heretofore issued on the said cross-bill of defendant Mercantile-Commerce Bank and Trust Company be, and hereby is, dissolved.

"4. That the injunction bond heretofore posted by the defendant Mercantile-Commerce Bank and Trust Company to secure the damages as therein appears by reason of the issuance of said temporary injunction be, and hereby is, canceled, terminated and henceforth held for naught.

"5. That upon delivery of the contents in said safe deposit box contained into the Registry of this Court, the defendant Mercantile-Commerce Bank and Trust Company be discharged from this proceeding without further liability on account of the contents of said safe deposit box and be allowed its court costs herein, together with a reasonable amount for its attorneys' fees and its expenses incurred in the maintenance of this cause to be determined and taxed by subsequent order of this Court.''

*"Second Part.*

"Now on this 8th day of December, 1939, this cause having previously been tried before the Court upon the petition of the plaintiff,

the answers of the defendant Charles A. Meredith and Mississippi Valley Trust Company thereto and to the other pleadings herein and the evidence and proof taken therein, and having been submitted by the parties on said pleadings, evidence and proof adduced, and this cause having been by the Court taken under advisement, and now at this day the Court, being fully advised of and concerning the premises, doth find that the plaintiff is not entitled to the relief prayed for in her cause of action and the Court doth further find that the defendant Charles A. Meredith is entitled to the possession and ownership of certain securities heretofore delivered into the Registry of this Court upon order of this Court by the defendant Mercantile-Commerce Bank and Trust Company.''

Wherefore, it is ordered, adjudged and decreed by the court as follows:

''1. That the plaintiff's bill be, and the same is, hereby dismissed at the costs of the plaintiff for which let execution issue.

''2. That the custodian of the Registry of this Court, upon application of the defendant Charles A. Meredith or his attorney, deliver to him, or either of them, the contents of that certain safe deposit box formerly rented by the defendant Charles A. Meredith from the defendant Mercantile-Commerce Bank and Trust Company and by the defendant Mercantile-Commerce Bank and Trust Company heretofore upon the order of this Court delivered into said Registry.

''3. That the defendant Mercantile-Commerce Bank and Trust Company be, and hereby is, allowed its court costs herein, together with $200 for its attorneys' fees and expenses in maintaining this cause, all of which shall be allowed and taxed as costs against the plaintiff for which let execution issue.''

Thereafter, on December 12, 1939, the defendant Charles A. Meredith filed his motion to strike paragraphs 4 and 5 of the first part of said judgment, on the grounds, first, that said paragraphs were contrary to the statutes in such cases made and provided; and, secondly, that the court was without jurisdiction to make any such adjudication.

On the same day said defendant Charles A. Meredith filed a motion to strike from the second part of said judgment the allegation finding ''that the defendant, Charles A. Meredith, is entitled to the possession and ownership of certain securities heretofore delivered into the registry of this court upon order of this court by the defendant, Mercantile-Commerce Bank & Trust Company.'' As grounds for said motion said defendant alleged, first, that he not only did not contend or pray for the possession or ownership of said securities, but at all times had expressly disclaimed and still disclaimed any right either to the possession or ownership of said securities, which, because of his said election, were then and since said December, 1938, had been the sole property of the defendant, Mercantile-Commerce Bank

& Trust Company, and, secondly, for the further reason that the court possessed no jurisdiction to make such finding.

On the same day said defendant, Charles A. Meredith, filed his motion for assessment of damages on the injunction bond. Thereafter the foregoing motions to strike were overruled, whereupon said defendant Charles A. Meredith prosecuted his appeal to this court.

In this court appellant assigns as error the action of the trial court in finding that he was entitled to the possession or ownership of the contents of the safe deposit box in possession of the Mercantile-Commerce Bank & Trust Company. A determination of this contention depends upon whether or not there was an issue of ownership properly before the trial court. In our opinion there was no such issue properly before the trial court, because (1) the trial court was without jurisdiction to dispose of the property in dispute, for the reason that there was no order sustaining defendant's cross-bill and ordering the claimants to interplead; and (2) the record before us does not disclose a proper case for interpleader.

Under the decisions, an interpleader suit involves two successive litigations, one between the stakeholder and the claimants upon the question as to whether the claimants shall interplead, and the other between the different claimants. The subject-matter of these two litigations are wholly separate and distinct, and therefore require separate and distinct allegations and proof, and before the court can acquire jurisdiction to dispose of the property under the second phase of the case there must be a judgment sustaining the bill of interpleader and an order directing the parties to interplead for the fund or property in dispute. [Granite Bituminous Paving Co. v. Strange et al. (Mo. App.), 8 S. W. (2d) 1087; Rozelle v. Farmers Bank of Norborne, 119 Mo. 84, 24 S. W. 744.] In the case at bar there was no such order. We must hold, therefore, that the court was without jurisdiction to make disposition, as it did, of the fund in controversy.

Does the record before us disclose a proper case for interpleader?

The rule is well settled that an action of interpleader can only be sustained where it appears that a reasonable doubt exists as to which of the claimants to the fund is in the right. It is not sufficient to show that rival claims are made. It must also appear that the elements of a *bona fide* controversy exist between the rival claimants over the right to the fund or property in question; nor is it sufficient that the stakeholder merely establish that suits have been brought against him, or that suits have been threatened by different claimants to a fund or property held by him in order to entitle him to the protection of a court of equity, but he must set forth facts disclosing the existence of a reasonable doubt as to whom he can safely deliver the fund or property in dispute, and, of course, where there are two claimants, and it clearly appears from the allegations of the bill that the claim of one of them is without merit, the bill does not state a cause of action.

In Maclennan on Interpleader, page 126, the author says:

"*Claims should be investigated.*—A person on whom claims have been made in respect of the same subject-matter, should, before coming to the court, make some investigation himself with regard to the nature of the claims, so that he may be satisfied that he is really in a difficulty; for one, who can by ordinary diligence inform himself to which of the claimants payment should be made, cannot maintain interpleader; for it excludes all cases where the rights of the parties are clearly settled. If therefor one of the claims be either obviously good or bad, as will presently appear, interpleader will not lie; therefore, to prevent a dismissal of his application the person seeking relief should first make a careful inquiry."

Again the same author, at page 133, says:

"*There must be doubt and hazard.*—It must also appear that there is some reasonable doubt or uncertainty, as to whether the stakeholder will be reasonably safe in paying or delivering the subject-matter to one of the claimants, without rendering himself liable for the same debt or duty to the other; that is, that there is some real doubt in his mind, to which of the rival claimants the admitted debt belongs. It follows therefore, that interpleader will only lie, when the applicant cannot pay to one claimant without some substantial risk of being proceeded against by the other, or that he cannot without hazard determine to which of the claimants he should pay."

And again, p. 138:

"*If one claim obviously bad.*—When it clearly appears on the face of the proceedings, that the claim of one party is frivolous and without validity, or that one party has obviously no title, or a subordinate one, or that either claim is not well founded in law, interpleader will not be granted. And when the proceedings show that one party has no claim, either legal or equitable, or furnish no ground for belief that one claimant has a claim, either claimant may object to the applicant's right to relief."

The law in this State is in accord with the foregoing, as is shown by the following cases:

In United Railways Co. v. O'Connor, 153 Mo. App. 128, 132 S. W. 262, this court lays down the principle that if it appears from the allegations of the bill that one of the claimants has a valid right to the fund in question, and if it affirmatively appears as well that the other is without right thereto, no ground for a bill of interpleader exists, as there is no doubt sufficient to invoke the aid of a court of equity. In that case both claimants asserted an attorney's lien. The petition alleged facts showing a lien in favor of one attorney, and facts which failed to show a lien in favor of the others. Both claimants had filed suits against the plaintiff to enforce their claims. In upholding the demurrer of the lower court, NORTONI, J., said:

"It is not required that the bill should show an apparent title in either of the defendants, but if it does show on its face that one of the defendants is certainly entitled, on the facts alleged, to the debt, duty, or fund as against the other defendant therein, then it is insufficient on demurrer, for the reason that it reveals no question of doubt about which the aid of the court should be invoked. [4 Pomeroy's Eq. Jur. (3 Ed.), sec. 1328.] We believe it is universally true that where the averments of the bill show one of the defendants is entitled to the fund to the exclusion of the other, a demurrer should be sustained. [Citing cases.] The rule that a demurrer will lie in such circumstances and the grounds upon which it proceeds are thus stated by numerous authorities: 'If the plaintiff states a case in his bill which shows that one of the defendants is entitled to the debt or duty, both defendants may demur; the one upon the ground that plaintiff has a perfect defense at law against his claim, and the other on the ground that plaintiff has neither a legal nor an equitable defense to his claim, and has therefore no right to call upon him to interplead with a third person who claims without right.' [Citing cases.]

"It appearing from the bill that plaintiff is liable to respond to defendant O'Connor to the amount of the fund and that defendants Bishop & Cobbs and Hausmann are without rights as against him, or clearly without any enforcible right to the exclusion of O'Connor, as the facts are averred, the court very properly sustained the demurrer and the judgment should be affirmed."

In Lafayette South Side Bank v. Siefert et al., 223 Mo. App. 431, 18 S. W. (2d) 672, it appeared that one Katharina Rose secured two certificates of deposit from the plaintiff bank, payable to herself and Emma Dippel, either or the survivor, at maturity. Katharina Rose died and her executor, Alice Siefert, made claim to the proceeds of said certificate of deposit. Emma Dippel also made claim. Thereupon plaintiff filed its bill of interpleader, alleging that both claimants had demanded payment of said certificate and each had notified plaintiff not to pay the same to the other; that the executrix had claimed the money as the property of the deceased, and that Emma Dippel demanded payment of the sum according to the terms of the certificate. The trial court entered an order sustaining the bill of interpleader and Emma Dippel appealed. We held that the court below erred because the petition showed on its face that there was no reasonable ground of uncertainty as to which claimant was entitled to the fund, the law being clear that a deposit of the character in question belonged to the survivor.

We have carefully examined and analyzed the amended petition, as well as the cross-bill and the answers of the parties, upon which pleadings the learned trial judge entered the judgment and decree, as herein set forth, and we are of the opinion that such decree and

judgment is manifestly erroneous under the principles above announced. Clearly the cross-bill did not state a cause of action for interpleader, and the trial court should have sustained the demurrer to the same. It set out no facts whatever stating the basis of the plaintiff's alleged claim, but even considering, as we have, the plaintiff's petition, we are still convinced that the trial court erred in rendering the judgment herein. We do not believe that anyone could entertain any reasonable doubt as to the rights of the parties to the securities in question. There is nothing in the amended petition or in the cross-bill to throw a shadow of a doubt upon defendant Charles A. Meredith's right of ownership and right to possession of these securities as against any claim of plaintiff as disclosed by her petition. The plaintiff in her petition simply declares upon a contract, alleging its breach by the defendant, and seeks to have an equitable lien established with reference to these securities. She did not make any claim of ownership to the contents of the safe deposit box, nor did she claim any right to the possession of the securities therein. The prayer of her petition merely asked that her husband be declared a trustee of said property, and that he be enjoined from removing same from the State of Missouri and beyond the jurisdiction of the court. No relief whatever is asked as against the defendant Mercantile-Commerce Bank & Trust Company. The court is not asked to prevent the latter company from delivering these securities to the defendant Charles A. Meredith, although the petition does ask that pending the determination of the suit all of the said property and assets be impounded and held subject to the trust and lien of plaintiff as therein alleged. However, until the Court by appropriate process actually seized the property, the defendant trust company was not justified in entertaining a doubt as to its right and duty to deliver the property to the legal owner upon demand by the latter. The mere filing of the suit asking such relief did not have the effect of enjoining lawful disposition of the property. Plaintiff could still have had all the relief asked if such relief was possible under the law, no matter in whose hands the property was, and that is probably the reason plaintiff sought no injunction against respondent.

Appellant's other assignment of error is that the court erred in its decree in undertaking to cancel the injunction bond. Having held that the record before us disclosed no ground for interpleader, we must necessarily hold that the cancelling of the injunction bond was error, since the court could only make an order calculated to defeat an action on the bond where the injunction was properly issued.

Nor can it be doubted that appellant is an "aggrieved" party within the meaning of that term in the appeal statute (Sec. 1018, R. S. Mo. 1929). The judgment attempts to discharge the respondent Mercantile-Commerce Bank & Trust Company from further liability on account of the contents of said safe deposit box, thus depriving

1026

appellant of the right to pursue any other remedy he might have for the wrongful detention of the contents of the said box, including his rights under the injunction bond.

Entertaining the views as herein expressed, the judgment and decree of the trial court should be reversed, and the cause remanded for further proceedings not inconsistent with the views herein expressed, and it is so ordered. *Hughes, P. J.*, and *McCullen, J.*, concur.