OLIVER BUERGER, PLAINTIFF-RESPONDENT, v. MARIE COSTELLO AND MAXWELL COSTELLO, DEFENDANTS-RESPONDENTS, AND ZILLAH GOODWIN, ADMINISTRATRIX OF THE ESTATE OF HARRIE O. GOODWIN, DEFENDANT-APPELLANT.—226 S. W. 2d 610.

Kansas City Court of Appeals. Opinion delivered December 5, 1949.

*C. W. Prince, Wm. Dennis Bush* and *Guy W. Runnion* for appellant.

*Marcy K. Brown, Jr.,* for respondent.

SPERRY, C.—This is an appeal by defendant, Zillah Goodwin, administratrix of Harrie O. Goodwin, deceased, from an order requiring her and defendants, Maxwell and Marie Costello, to interplead.

Grace C. Dodds owned an undivided one-half interest in certain real estate and Maxwell and Marie Costello owned the other undivided one-half interest therein, by the entirety. Mrs. Dodds, without the knowledge or consent of the Costellos, leased said real estate to Harrie O. Goodwin, deceased, defendant Zillah Goodwin being his administratrix. Goodwin v. Costello, 212 S. W. 2d, 804. Goodwin subleased to plaintiff a filling station located thereon, as described in plaintiff's petition. In August, 1948, the Costellos, defendants herein, demanded payment to them of rents accruing in future, demanded an accounting and payment to them of all rents previously paid to Goodwin, and threatened suit therefor. Two suits in ejectment are now pending against Goodwin, in the Circuit Court of Jackson County, wherein Mrs. Dodds and the Costellos seek recovery of possession of the property.

Plaintiff, respondent, contends that an order sustaining a bill of interpleader is not appealable. This contention is without merit. Hyer v. Baker, 130 S. W. 2d, 516, l. c. 517. Lafayette-South Side Bank & Trust Company, 18 S. W. 2d, 572, l. c. 574; Moore v. Dowling Realty Company, 166 S. W. 2d, 238, l. c. 242.

Defendant contends that a tenant may not implead his landlord in an interpleader action involving rent money. This court so held, in McGinn v. Interstate Bank, 166 S. W. 345, 178 Mo. App. 347, and said: "And the reason why such a suit cannot be maintained is because, in the very nature of things, there is an independent personal liability, with respect to the subject-matter, of the tenant to his landlord, which the maintenance of the suit would destroy." There are other decisions and various authorities to the same effect; but they are no longer controlling.

Since the rendition of that decision, and others of a like character, we have adopted a new Civil Code. Section 18 thereof, (Section 847.18, R. S. A. 3) provides, in part, as follows: "Persons having claims against the plaintiff may be joined as defendants and required to interplead when their claims are such that the plaintiff is or may be exposed to double or multiple liability." We have heretofore held that the statute broadens and extends the scope of bills of interpleader and bills in the nature of interpleader; and that the above quoted language now constitutes virtually the sole test of whether or not a bill of interpleader will lie in a given case. What we have had to say in that respect has been noticed and approved by the Supreme Court. Barr v. Snyder, 219 S. W. 2d, 305, l. c. 308.

The language quoted is surely broad enough to embrace within its meaning a case involving landlord and tenant; and no other language

appears in the statute which tends to limit it in this respect, or to exclude such cases from its operation.

The following language, however, does appear therein to wit: "It is not ground for objection to the joinder that * * * the plaintiff avers that he not liable in the whole or in part to any or all of the claimants." That provision appears to be definite and clear; and it cannot be said that landlords are immune from its effect.

The object of a bill of interpleader is not to protect against a double liability, but to protect a party against a double vexation in respect to one liability. Barr v. Snyder, supra. So far as this case is concerned it is, therefore, immaterial as to whether or not anyone other than Goodwin can collect the rent.

The judgment should be affirmed. *Bour, C.,* concurs.

PER CURIAM:—The foregoing opinion of SPERRY, C., is adopted as the opinion of the court. The judgment is affirmed. All concur.