**John H. COPPAGE, Receiver of the Chesapeake Insurance Company,**

v.

**INSURANCE COMPANY OF NORTH AMERICA, a body corporate, and the Reinsurance Corporation of New York, a body corporate.**

**Civ. No. 17157.**

United States District Court
D. Maryland.

Jan. 17, 1967.

Francis X. Gallagher and John C. Evelius, Baltimore, Md., for plaintiff.

Richard W. Emory, Anthony M. Carey and Venable, Baetjer & Howard, Baltimore, Md., for defendants.

THOMSEN, Chief Judge.

Defendants, who filed a counterclaim for interpleader herein, seek an allowance for their costs and a counsel fee of $2,500 out of the funds deposited by them in the registry of this Court. Plaintiff disputes any such allowance. The parties have submitted the matter to the Court on the pleadings, an exchange of letters, and the time sheets of counsel for defendants.

Plaintiff is receiver for Chesapeake Insurance Company (Chesapeake), a Maryland corporation, which was adjudged insolvent by the Circuit Court of Baltimore City on November 12, 1965. He promptly made claim against defendants for the balances due under reinsurance contracts issued by them to Chesapeake. It is not disputed that after receiving credit for amounts advanced in November 1965, Insurance Company of North America (INA) owed Chesapeake $48,860.45 under the contracts and Reinsurance Corporation of New York (RECO) owed Chesapeake $69,065.80.

Chesapeake had issued policies in ten states besides Maryland, and although no one except plaintiff herein had asserted any claim against either INA or RECO with respect to the amounts due Chesapeake under the reinsurance contracts, both INA and RECO claimed to be "apprehensive in good faith" of multiple and vexatious claims being asserted by other insurance commissioners or their agents, and were unwilling to pay the balances due to plaintiff without litigation.

Plaintiff, therefore, was forced to bring this action against INA and RECO. They answered, admitting the allegations of the complaint, but asserting counterclaims for interpleader against plaintiff (the Maryland receiver) and insurance officials in the other ten states in which Chesapeake had written insurance. The Court permitted such interpleader; INA deposited $48,860.45 into the registry, and RECO deposited $69,065.80.

Plaintiff filed an answer to the counterclaims, alleging that he alone is entitled to the reinsurance money by reason of Art. 48A, sec. 145 of the Annotated Code of Maryland, 1957 Ed. Eight of the other parties interpleaded either

filed disclaimers or defaulted. The New Jersey Commissioner filed a vague claim, but after plaintiff conferred with the Attorney General of New Jersey, that claim was promptly withdrawn. The South Carolina Commissioner moved to quash the service of process on him, but after a similar conference withdrew his motion to quash and defaulted. Plaintiff has now moved for summary judgment, and defendants concede that the motion should be granted.

The problems involved in the allowance of costs and counsel fees in federal interpleader cases are discussed at length in 3 Moore's Federal Practice, 2d ed., ¶ 22.-16[2]. The question whether the allowance should be based upon general equitable principles developed by the federal courts or should be governed by state law under Erie Railroad v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), cannot be said to have been settled. See Moore, op. cit., pp. 3156–3159, and cases cited therein. That question need not be decided in this case because there appears to be no difference between the Maryland practice, as set out in Rule BU72 b of the Maryland Rules of Procedure,[1] and the Editor's note thereto, on the one hand, and, on the other, the general federal practice as outlined in Moore, supra, and elaborated in the cases cited therein.

"The prevailing principle in interpleader actions brought in the federal courts, whether under the interpleader statute or under Rule 22(1), is that it is within the discretion of the court to award the stakeholder costs including a reasonable attorneys' fee out of the deposited fund. Normally, although by no means as a matter of right, the court does tax such fees in favor of a disinterested stakeholder, who concedes his liability in full, deposits the disputed fund in court and seeks discharge. It is thought appropriate to award counsel fees to such a stakeholder because the retention of counsel has in all likelihood been necessitated not because of the stakeholder's wrongdoing but rather because he is the mutual target in a dispute which is not of his own making. Moreover, the stakeholder is often viewed as having performed a service to the claimants by initiating a proceeding which will expeditiously resolve their claims and by safeguarding the disputed fund by deposit in court, which at the same time guarantees the prevailing claimant immediate satisfaction without the need for execution proceedings. To award counsel fees to the disinterested stakeholder will not, in any event, be likely to deplete the fund to any great extent—the only services for which compensation is normally sought are those connected with the preparation and filing of a single pleading. In most cases, the award will be nominal. Perhaps more often than not, attorneys' fees are awarded without discussion by the court, on occasion by consent of all parties." Moore, op. cit., pp. 3144–3149.

■■ The fact that interpleader was instituted by way of a counterclaim rather than by an original action is not fatal to a claim for costs and fees. See A/S Krediit Pank v. Chase Manhattan Bank, 2 Cir., 303 F.2d 648, 649 (1962); Shrepic v. Metropolitan Life Ins. Co., W.D. Pa., 120 F.Supp. 650 (1954); 3 Moore, op. cit., ¶ 22.15. Nor is it necessarily

---

1. Rule BU72 b provides in pertinent part:
"Upon the passage of a decree requiring the defendants to interplead, the court shall designate one or more of the parties as plaintiffs and one or more of them as defendants. The decree shall also require the original plaintiff to pay into court the property which is made the subject of the interpleader, or so much thereof as may then be due. In addition, the court may—

"(1) order the discharge of the original plaintiff from further liability and the payment to him of his costs and a reasonable counsel fee out of the fund if the plaintiff's capacity in bringing the action was that of an impartial stakeholder; * * *" For the Editor's note, see Vol. 9B, Anno.Code of Md., 1957 ed., 1963 Repl. Vol., p. 580.

fatal that only one person, the Maryland Receiver, has actually asserted a claim against the fund, although that is a factor which should be considered. "It is sufficient to warrant interpleader relief that the stakeholder have a bona fide fear of adverse claims." 3 Moore, op. cit., ¶ 22.08[1], p. 3044.

The Court is not prepared to say that defendants' fears were not bona fide, but the event shows that they were without substance. No one other than plaintiff had made claim against either of the defendants; and even when invited to file claims herein, only one of the other commissioners did so, and he withdrew his claim.

There is no losing claimant who made the litigation necessary, and against whom counsel fees and costs might ultimately have been assessed.[2] Any allowance of costs and counsel fees to defendants in this case would therefore have to be borne by plaintiff receiver, who has consistently and successfully contended that he is the only one entitled to any part of the fund. This is not a case where a stakeholder has performed a service to the claimants by initiating a proceeding in court. To the contrary, defendants alone received any benefit from those services, and their unjustified fears have required counsel for plaintiff to expend a considerable amount of time on the case, for which they will have to be compensated. To require the claimants against the receivership estate of Chesapeake also to bear the fee of defendants' counsel would be unjust, and is not required or warranted by the law of Maryland or federal law, whichever may be applicable. Under the circumstances of this case equitable principles dictate that the Court should exercise its discretion to require that the large fee for services rendered to defendants by their counsel should be borne by defendants themselves and not by the injured persons and others having claims against Chesapeake.

Defendants' request that its counsel fees be paid out of the fund is hereby denied. Each side should bear its own costs.

2. See Urquhart v. Alexander & Alexander, 218 Md. 405, 417, 418, 147 A.2d 213, 220, 221 (1958); Hopkins v. Easton Nat. Bank, 171 Md. 130, 136, 187 A. 874 (1936); Board of Education of Raleigh County, W. Va. v. Winding Gulf Collieries, 4 Cir., 152 F.2d 382, 386, 387 (1945); Metropolitan Life Ins. Co. v. Jordan, W.D. N.C., 221 F.Supp. 842 (1963). Since the losing party in many if not most interpleaders is unable to pay any costs, the practical effect is that in most cases the counsel fees of the interpleading party are borne by the prevailing party, contrary to the intent of Rule 54(d), F.R.Civ.P. That is one reason why applications for the allowance of counsel fees should be carefully scrutinized and allowed only when it is equitable to do so.