STATE of Missouri, ex rel. Jack Norman CRESWELL, Relator,

v.

The Honorable Michael J. SCOTT, Judge of the Twenty-Second Judicial Circuit of the State of Missouri, and as such Judge of the Circuit Court of the City of St. Louis, Missouri, presiding in Division No. Four of the said Circuit Court of the City of St. Louis, Missouri, Respondent.

No. 34620.

Missouri Court of Appeals, St. Louis District, Division Two.

Feb. 6, 1973.

Heneghan, Roberts & Godfrey, W. Munro Roberts, Jr., James J. Virtel, St. Louis, for relator.

Nangle & Nangle, Donald V. Nangle, St. Louis, for respondent.

SMITH, Presiding Judge.

In this original proceeding relator seeks to prohibit respondent from dismissing his counterclaim for interpleader. Relator is an underwriter at Lloyds of London, and issued a $10,000 fire insurance policy to Charles and Ruby Hester, covering an apartment house. On December 15, 1968, the apartment house was destroyed by fire. After the fire relator issued a "standard mortgage clause" endorsement in favor of Louis Horen "as interest may appear." This endorsement was backdated to September 1, 1968. Relator denied liability under the policy on the basis the apartment house was vacant and therefore was not covered under certain specific policy exceptions.

Horen filed suit against relator in December of 1969, seeking the amount of his mortgage interest, $4327.34. In August 1971, the Hesters filed suit against relator for the face amount of the policy. Relator moved to consolidate the lawsuits, which motion was denied. He then filed his counterclaim for interpleader in the Hester suit to compel the Hesters and Horen to interplead their respective claims. The respondent indicated his intention to sustain motions to dismiss the counterclaim for in-

terpleader and we issued our preliminary writ.

Supreme Court Rule 52.07 (V.A.M.R.) provides: "Persons having claims against the plaintiff may be joined as defendants and required to interplead when their claims are such that the plaintiff is or *may be* exposed to double or multiple liability. It is not ground for objection to the joinder that the claims of the several claimants or the titles on which their claims depend do not have a common origin or are not identical but are adverse to and independent of one another, or that the plaintiff avers that he is not liable in whole or in part to any or all of the claimants. A defendant exposed to similar liability may obtain such interpleader by way of crossclaim or counterclaim . . ." (Emphasis supplied).

█ In Plaza Express Company v. Galloway, 365 Mo. 166, 280 S.W.2d 17 [9], it was recognized that this rule (then a statute) considerably broadened the scope of interpleader beyond that formerly recognized in equity. No longer is there a need for a specific fund nor a requirement that there be an offer to pay the fund into court. There are only two vital facts which must appear from the averments of the petition of the party seeking interpleader: " . . . These are that persons have claims against plaintiffs, and that those claims are of such nature that plaintiffs may be exposed to 'double liability.' Obviously, 'double liability' means 'exposed to double recovery for a single liability'." Plaza Express Company v. Galloway, *supra,* [1, 2]. It has also been stated that the purpose of interpleader is to protect a party against double vexation in respect to one liability. Barr v. Snyder, 358 Mo. 1189, 219 S.W.2d 305 [1, 2].

In determining whether relator is entitled to interpleader we look to the allegations of his counterclaim. Goggin v. Mutual Aid Union, Mo.App., 243 S.W. 244 [7]. That document clearly alleges that the Hesters and Horen are claiming all or a portion of the proceeds of the policy. No one disputes that two claims have been asserted.

It is the "double liability" requirement upon which the parties part company. The counterclaim alleges that relator has a sinble liability of $10,000 arising from the policy against which there are claims totaling more than $14,000. This allegation meets the second requirement that relator is exposed to a "double recovery for a single liability." Respondent, however, contends that the Horen claim arises not from the basic policy, but from the after-loss act of relator in issuing the loss payee endorsement. This, it is contended, has created a second liability, not dependent on the Hester insurance policy, and the exposure from the Horen claim is from a different liability than the exposure from the Hester claim.

█ The difficulty with this argument is that it purports to determine one of the basic issues which must be reached on the merits. Relator contends in his pleadings that the endorsement was issued at the request of Hesters' agent. Horen contends it was issued at the request of Horen and the Hesters. Hesters contend the endorsement was made at the request of Horen's agent and was a fraud upon them. It may be that a trial will establish two differently created liabilities on the part of relator on each of which he could conceivably be liable. But it is also true that such may not be established and that his maximum liability is the face amount of the policy, and the amount due either the Hesters or Horen or both must come from that limit, if there is liability at all.

Rule 52.07 does not state that the person seeking interpleader *must* be exposed to double liability, but only that he *may* be. Relator *may* be so exposed here and he should have been permitted to interplead. St. Louis Southwestern Ry. Co. v. Meyer, 364 Mo. 1057, 272 S.W.2d 249. Respondent's additional arguments have the same vice; they premise denial of the inter-

pleader upon factual contentions which are in dispute and which go to the merits of the underlying actions.

 Where an applicant for interpleader has met the criteria set forth in the rule he has a right to interpleader. See John A. Moore and Company v. McConkey, 240 Mo.App. 198, 203 S.W.2d 512 [5]. The discretion which a court has in passing on an application for interpleader is in ascertaining whether a dispute of fact upon which the right to interplea turns is is real and substantial or only feigned and colorable. Barr v. Snyder, *supra* [13]. If it is real and substantial, as it is here, the court lacks the power to dismiss the petition for interpleader. The action of the court in dismissing the petition, or threatening to do so, may be reached by extraordinary writ.

Our preliminary writ is made absolute.

SIMEONE and KELLY, JJ., concur.