**GENERAL AMERICAN LIFE INSURANCE COMPANY, Plaintiff-Appellant,**

v.

**Sharon Benedict WIEST and Carolyn S. Benedict and Jacob Lee Benedict, Administrator of the Estate of Eugene T. Benedict, Deceased, Defendants-Respondents.**

No. 39140.

Missouri Court of Appeals,
St. Louis District,
Division 1.

April 4, 1978.

Motions for Rehearing and/or Transfer Denied June 8, 1978.

Application to Transfer Denied July 24, 1978.

Kortenhof & Ely, Robert L. Nussbaumer, St. Louis, for plaintiff-appellant.

Morley & Boeckman, Daniel V. Boeckman, O'Fallon, for defendants-respondents.

McMILLIAN, Judge.

Appellant General American Life Insurance Company appeals from an order entered in the circuit court of St. Charles County sustaining the motion of respondent Sharon Benedict Wiest for summary judgment of dismissal of appellant's petition for interpleader. For reversal appellant argues that the trial court erred in granting the motion for summary judgment because appellant's petition alleged sufficient facts to entitle it to interpleader. For the reasons discussed below, we reverse and remand with directions to the trial court to sustain the interpleader.

The substantive controversy in this case concerns the proceeds of a life insurance policy. Eugene Thomas Benedict was insured by appellant for $14,500 of group life insurance through a group life insurance policy issued to his employer. Benedict died on March 28, 1976. Benedict originally named as beneficiary his second wife, Sharon Benedict, now Sharon Benedict Wiest. Appellant subsequently received a change of beneficiary form dated March 26, 1976, designating as beneficiary the former wife of the insured, respondent Carolyn S. Benedict. The form was signed by respondent Benedict only and not by the insured.

Appellant filed its petition for interpleader on September 8, 1976, and alleged that claims on the proceeds of the insurance policy had been made by Sharon Benedict Wiest, Carolyn S. Benedict and Jacob Lee Benedict as administrator of the estate of Eugene Thomas Benedict. The petition further alleged that due to the two beneficiary designation forms, appellant was unable to determine which claimant was entitled to the proceeds and the claimants should be required to interplead and settle or litigate the matter between themselves. Appellant also stated that it had no interest in the proceeds and was indifferent to the respective claimants.

All the claimants filed answers and counterclaims. On October 22, 1976, the trial court granted respondent Wiest's motion to dismiss the other claimants' counterclaims, but granted leave to respondent Carolyn S. Benedict to file an amended counterclaim. Respondent Benedict subsequently did file an amended counterclaim. Respondent Wiest then filed a motion to dismiss respondent Benedict's amended counterclaim. The trial court denied the motion to dismiss but did grant respondent Wiest's motion to make the amended counterclaim more definite and certain. Respondent Carolyn S. Benedict withdrew any claim to the insurance proceeds on February 18, 1976. On March 4, 1977, the trial court sustained respondent Wiest's motion for summary judgment of dismissal of appellant's petition for interpleader and ordered the fund deposited with the clerk returned to appellant.

Appellant argues that the trial court erred in sustaining the motion for summary judgment because it appears from the averments in the petition for interpleader that there are persons who have claims against appellant and that these claims are of such nature that appellant may be exposed to double liability. Respondent Wiest argues that the claims of the other respondents to the insurance proceeds could under no circumstances be interpreted as valid and therefore the trial court did not err in dismissing the petition.

■ Rule 52.07, V.A.M.R. (and § 507.060, RSMo 1969) has expanded the scope of interpleader beyond that formerly recognized in equity, *see, e. g., Plaza Express Co. v. Galloway,* 365 Mo. 166, 280 S.W.2d 17 (Mo banc 1955); *Kearney Commercial Bank v. Deiter,* 407 S.W.2d 575 (Mo.App.1966). There are only two vital facts which must appear from the averments of the petition of the party seeking interpleader: that persons have claims against the party and that those claims are of such nature that the party may be exposed to double liability, *see, e. g., Security-Mutual Bank & Trust Co. v. Buder,* 341 S.W.2d 782 (Mo.1961); *State ex rel. Creswell v. Scott,* 491 S.W.2d 343 (Mo.App.1973). Double liability in this context means exposure to double or multiple recovery for a single liability, *e. g., Smith v. Preis,* 396 S.W.2d 636, 639–40 (Mo.1965); *Shaw v. Greathouse,* 296 S.W.2d 151, 153 (Mo.App.1956). If the party seeking interpleader has satisfied these requirements, then the party has a right to interpleader. *State ex rel. Creswell v. Scott,* supra.

■ Whether a petition for interpleader has alleged a dispute of fact which is real and substantial, and thus warrants interpleader, or frivolous or invalid and colorable so that interpleader should be denied, is a matter within the discretion of the trial court. *E. g., Barr v. Snyder,* 358 Mo. 1189, 219 S.W.2d 305, 308 (1949). The trial court lacks the power to dismiss the petition for interpleader if the dispute is real and substantial. *State ex rel. Creswell v. Scott,* supra. We do not agree with respondent Wiest's argument that the trial court did not err in dismissing the petition for interpleader because respondent Carolyn S. Benedict's claim was on its face invalid, *cf., Baden Bank of St. Louis v. Trapp,* 180 S.W.2d 755, 757 (Mo.App.1944) (no basis for interpleader where it appears one claim is valid and other claims are clearly without merit so that the party seeking interpleader may be discharged from liability by paying the claimant having the valid claim). Because appellant's petition for interpleader alleged that rival claims have been made on the insurance proceeds and that these claims were such that appellant may be exposed to double liability, the trial court erred in sustaining the motion for summary judgment. We reverse and remand with directions to the trial court to sustain the petition for interpleader.

■ Furthermore, we do not believe the trial court should consider the merits of the rival claims beyond the point necessary to determine whether the dispute alleged is real and substantial or merely frivolous and colorable.[1] In this case the two claims were

1. The dissenting opinion states that because respondent Benedict's claim was so insubstantial, the insurer did not have a "good faith doubt" about which claimant it should pay and was therefore not exposed to double liability. For this reason, the dissenting opinion argues, the interpleader should not be granted. Although we agree that interpleader should not be granted merely because the petitioning party asks for it, we disagree with the dissenting opinion's application of the good faith requirement. We believe this requirement means only that the claims alleged must meet a "minimum threshold level of substantiality" and does not refer to the actual merits of such claims. 7 C.

Wright & A. Miller, Federal Practice and Procedure, § 1704, p. 371 (1972). The fact that one of the claims is tenuous should not justify denying interpleader, so long as the claim "is not so utterly baseless that the stakeholder's assertion of multiple claims is not made in good faith." 2 W. Barron & A. Holtzoff, Federal Practice and Procedure, § 551, p. 230 (Wright ed. 1961). Thus, the right to interpleader depends upon whether the stakeholder has a good faith fear of adverse claims, regardless of the merits of those claims or whether the stakeholder himself believes them to be meritorious. 3A J. Moore & J. Lucas, Moore's Federal Practice, § 22.02[1], p. 3006 (3rd ed. 1977).

supported by beneficiary designation forms. This information plus the fact that the two claimants were or had been related to the insured and thus within the realm of probable beneficiaries are sufficient to create a reasonable doubt as to which claimant is entitled to the insurance proceeds. Competing claims had been filed, creating the possibility of exposing appellant to double liability. Rule 52.07, V.A.M.R., does not require that the party seeking interpleader must be exposed to double liability; it is sufficient if it *may* be. *State ex rel. Creswell v. Scott*, supra, citing *St. Louis Southwestern Ry. v. Meyer*, 364 Mo. 1057, 272 S.W.2d 249, 256–58 (1954). Similarly, we do not believe the fact that respondent Carolyn S. Benedict withdrew her claim should adversely affect appellant's right to interpleader, *cf., Sovereign Camp Woodmen of the World v. Wood*, 100 Mo.App. 655, 75 S.W. 377 (1903) (showing in answer to a bill of interpleader that one of contesting claimants to fund is not entitled to fund held not to affect complainant's right to relief by having interpleader filed).

■ We also note that interpleader would seem to be particularly appropriate in cases like the present one which involve a single fund subject to the claims of several adverse parties, *e. g., Postal Life & Cas. Ins. Co. v. Tillman*, 287 S.W.2d 121, 127 (Mo.App.1956); *Mut. Life Ins. Co. v. Burger*, 50 S.W.2d 765, 768 (Mo.App.1932); *Supreme Council of Legion of Honor v. Palmer*, 107 Mo.App. 105, 80 S.W. 699, 702 (1904). The purpose of interpleader is to protect the party seeking interpleader against double or multiple recovery with respect to a single liability, *e. g., Buerger v. Costello*, 240 Mo. App. 1194, 226 S.W.2d 610 (1949), especially where the party is a disinterested stakeholder and seeks the protection of interpleader against the threat of multiple actions to recover what it is willing to pay, *e. g., United Rys. Co. of St. Louis v. O'Connor*, 153 Mo.App. 128, 132 S.W. 262 (1910). For example, plaintiff-insurer in the *Tillman* case was permitted to interplead under circumstances similar to those presented in this case. The insurer in *Tillman* had alleged that it was unable to determine which claimant was entitled to the insurance proceeds due to an alleged change of beneficiary. The court in *Tillman* held that

Any speculation as to the merits of the alleged claims beyond the point necessary to determine whether the stakeholder "legitimately" fears multiple vexation with respect to a single liability and is therefore entitled to interpleader is premature. Wright at 369. In other words, we believe that the propriety of interpleader should not turn on the particular merits of the claims themselves but on whether the stakeholder faces multiple vexation and litigation because of such claims, however, groundless they ultimately may be. *Cf., Union Central Life Ins. Co. v. Hamilton Steel Products, Inc.*, 448 F.2d 501, 504 (7th Cir. 1971), *citing Bierman v. Marcus*, 246 F.2d 200, 202 (3rd Cir. 1957), *cert. den. sub nom., Milmar Estates Inc. v. Marcus*, 356 U.S. 933, 78 S.Ct. 774, 2 L.Ed.2d 762 (1958) (federal statutory interpleader); *Stuyvesant Ins. Co. v. Dean Construction Co.*, 254 F.Supp. 102, 108 (SDNY 1966) (federal statutory interpleader); *Equitable Life Ins. Co. of Iowa v. Gilman*, 114 F.Supp. 387, 389 (WD Mo.1953) (federal statutory interpleader); *see also* Hazard & Moskowitz, An Historical and Critical Analysis of Interpleader, 52 Cal.L.Rev. 706, 752–53 (1964).

In addition, we distinguish the cases discussed in the dissenting opinion for the reason that they pre-date the modern interpleader rule in Missouri. See § 507.060 RSMo 1969 (1943 Mo.

Laws 353, § 18); Rule 52.07, V.A.M.R.; Chafee, Modernizing Interpleader, 30 Yale L.J. 814 (1921) (Professor Chafee was instrumental in modernizing interpleader).

Furthermore, although it is well-settled that in a case where interpleader lies, the stakeholder is entitled to reasonable attorneys' fees and costs, *e. g., Northwestern National Insurance Co. v. Mildenberger*, 359 S.W.2d 380, 387 (Mo. App.1962), we do not believe the trial court should *automatically* award attorney's fees and costs in all cases. For example, in *Aetna Life Insurance Co. v. Harley*, 365 F.Supp. 1210, 1215 (ND Ga.1973), the court was convinced that had the petitioning party conducted the slightest investigation of the claims upon the insurance proceeds, it could only have concluded that one of the claims was without merit and, under those specific circumstances, could find no justification in taxing the fund for attorney's fees and costs. *See also Coppage v. Insurance Co. of North America*, 263 F.Supp. 98, 101 (D Md.1967); *Paul Revere Life Ins. Co. v. Riddle*, 222 F.Supp. 867 (ED Tenn.1963). Therefore, even though the petitioning party is entitled to interpleader, the trial court may find after a hearing that there is no justification for awarding attorney's fees and costs and thereby avoid diminishing the fund.

whether or not there was a valid change of beneficiary was a question of evidence, 287 S.W.2d at 127, thus recognizing that an interpleader action involves two successive litigations, one between the party seeking interpleader and the rival claimants on the question of the propriety of interpleader and the other, after granting interpleader, between the rival claimants themselves on their conflicting claims, e. g., Moore v. John J. Dowling Realty Co., 166 S.W.2d 238, 242 (Mo.App.1942); Meredith v. Meredith, 235 Mo.App. 1010, 148 S.W.2d 611, 618 (1941). In the present case the trial court should have granted appellant's petition for interpleader and then proceeded to the settlement or litigation of the merits between respondents, that is whether there was an effective change of beneficiary, e. g., Persons v. Prudential Ins. Co. of America, 233 S.W.2d 729, 731 (Mo.1950).

The summary judgment of dismissal is the only issue on appeal. The trial court specifically made its denial of appellant's motion to set aside a final and appealable order, Rule 81.06, V.A.M.R. For this reason respondent Wiest's counterclaim against appellant for vexatious refusal to pay is still pending before the trial court. In view of our decision on appellant's right to interpleader, however, we also believe that respondent Wiest's counterclaim is without merit. ". . . It is well settled that where there is an open question of fact or law determinative of the insurer's liability, the insurer, acting in good faith, may insist on a judicial determination of such questions without being penalized therefor. . . ." Cox v. Washington Nat. Ins. Co., 520 S.W.2d 76, 81 (Mo.App.1974). We believe that, under this rule, the fact that respondent Wiest's counterclaim is based on the filing of the petition for interpleader and not an unrelated reason for delay and that interpleader should have been granted would constitute an absolute defense. The existence of an open question of fact, that is, which beneficiary is entitled to the proceeds, is in our opinion both a basis for interpleader and a defense to the counterclaim for vexatious refusal to pay.

Accordingly, judgment is reversed and remanded with directions.

SMITH, J., concurs.

CLEMENS, P. J., dissents in separate opinion.

CLEMENS, Presiding Judge, dissenting.

I dissent and would affirm the trial court's denial of interpleader. That remedy should not be granted merely because the insurer asks for it. The purpose of life insurance is to provide the beneficiary with money at the time of insured's death. Interpleader defeats that purpose. It penalizes the beneficiary—not only by delaying payment but also by depleting the fund in allowing court costs and attorney fees. The majority opinion would do just that.

Interpleader is justified only when the stakeholder has a goodfaith doubt about which claimant it should pay, and by paying either the stakeholder would be exposed to the risk of double liability. As we held in State ex rel. Creswell v. Scott, 491 S.W.2d 343 (Mo.App.1973), whether interpleader should be granted depends on existence of: "A dispute of fact upon which the right to interplea turns is real and substantial or only feigned and colorable" and should be granted only when "persons have claims against plaintiffs, and that those claims are of such nature that plaintiffs may be exposed to 'double liability.' Obviously, 'double liability' means 'exposed to double recovery for a single liability.'" The stakeholder's grounds for interpleader must appear from the facts alleged in its petition. Baden Bank of St. Louis v. Trapp, 180 S.W.2d 755 [4](Mo.App.1944).

The petition here pleads in essence: Jacob Benedict, deceased-insured in plaintiff's policy, had designated his wife, Sharon Benedict, as beneficiary; on March 26, 1976 plaintiff-insurer received a change of beneficiary form, signed not by the insured as called for the plaintiff's printed form, but by his ex-wife Carolyn, naming herself as beneficiary; two days later Jacob Benedict died; both Sharon and Carolyn claimed the policy proceeds; and plaintiff "is unable to

determine which claimant is entitled to the proceeds of the policy."

In my view the petition failed to plead facts showing plaintiff was entitled to interpleader. This, because the petition showed neither a real and substantial dispute as to whom the proceeds were payable, nor that plaintiff would be exposed to double liability by paying the named beneficiary, the insured's widow.

In *Lafayette-Southside Bank & Trust Co. v. Siefert*, 223 Mo.App. 431, 18 S.W.2d 572 (1929), a judgment granting interpleader to the bank was reversed. The bank had issued certificates of deposit to Katherina Rose and Emma Dipple, payable to either or the survivor. Katherina Rose died; both Emma Dipple and Katherina's executor claimed the proceeds. The trial court granted the interpleader and Emma Dipple appealed. In holding the petition did not warrant interpleader, and reversing, the court held " 'a mere assertion of claim by another, without alleging anything whatever on which to base it, is not enough to sustain an interpleader. There must be reasonable ground of uncertainty as to which claimant is entitled to the fund, and a bona fide controversy between rival claimants. Where the petitioner may be discharged from all liability by paying the money to one of the claimants, an interpleader will not be sustained.' " So it is here.

The other case is *Meredith v. Meredith*, 235 Mo.App. 1010, 148 S.W.2d 611 (1941). There, plaintiff-wife pleaded defendant-husband had breached a post-nuptial contract, that her husband had agreed to surrender certain personal property to her, among which were securities defendant owned but were being held by him in his safety deposit box at the Mercantile Bank. The wife alleged an equitable lien on the securities and sought to compel the bank to surrender them into a trust fund to await adjudication of her claims. The bank responded with a bill of interpleader seeking to be "relieved from the danger of being held liable . . . to different parties." The trial court granted interpleader but we

reversed. In holding this was not a proper case for interpleader we held: "We do not believe that any one could entertain any reasonable doubt as to the rights of the parties to the securities in question. There is nothing in the amended petition or in the cross-bill to throw a shadow of a doubt upon defendant Charles A. Meredith's right of ownership and right to possession of these securities as against any claim of plaintiff as disclosed by her petition." The court reasoned: "The rule is well settled that an action of interpleader can only be sustained where it appears that a reasonable doubt exists as to which of the claimants to the fund is in the right. It is not sufficient to show that rival claims are made. It must also appear that the elements of a bona fide controversy exist between the rival claimants over the right to the fund or property in question; nor is it sufficient that the stakeholder merely establish that suits have been brought against him, or that suits have been threatened by different claimants to a fund or property held by him in order to entitle him to the protection of a court of equity, but he must set forth facts disclosing the existence of a reasonable doubt as to whom he can safely deliver the fund or property in dispute, and, of course, where there are two claimants, and it clearly appears from the allegations of the bill that the claim of one of them is without merit, the bill does not state a cause of action."

I would apply the reasoning of these cases to the one before us. By its petition the plaintiff acknowledged a clear unchanged obligation to pay the policy proceeds to the insured's widow, Sharon, his named beneficiary. Her claim was based on a clear, express contractual right. The insurer sought to avoid its obligation by asserting that insured's former wife, a stranger to the contract, had claimed the proceeds by virtue of having herself signed a change of beneficiary form. The trial court held in effect that this ineffective document did not create a real and substantial doubt as to whom plaintiff should pay, nor in paying the named beneficiary would plaintiff-insurer be exposed to double liabil-

ity. The effect of granting interpleader would have been to deprive the widow of her just funds until the coils of the law unwound, and would have further penalized her for the insurers' attorney fees and court costs. The petition for interpleader did not state facts which entitled the plaintiff to interpleader.

I would affirm and hold the trial court did not erroneously apply the law in denying interpleader.